UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
VINCENT A. PICCONE,

               Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF
HEALTH, OPMC; NEW JERSEY STATE
BOARD OF MEDICINE; PENNSYLVANIA
STATE BOARD OF MEDICINE; FEDERAL
BUREAU OF INVESTIGATION; UNITED
STATES SECRET SERVICE,

               Defendants.
------------------------------------------------------X

**MEMORANDUM AND ORDER**

12 MC 92 (WFK)
12 CV 641 (WFK)

KUNTZ, United States District Judge:

On February 1, 2012, Vincent A. Piccone submitted this *pro se* action, along with a request for leave to file and a request to proceed *in forma pauperis*. Mr. Piccone was previously barred from filing any new civil action in this Court without first seeking leave of the Court, by Order dated February 10, 2004 in Piccone v. City of New York, No. 03-CV-1645 (FB), slip op. (E.D.N.Y. Feb. 10, 2004). For the reasons that follow, Mr. Piccone's requests to proceed *in forma pauperis* and for leave to file are hereby denied.

## BACKGROUND

Mr. Piccone continues an unfortunate legacy perhaps best personified by Anthony R. Martin-Trigona of whom the Second Circuit wrote: "This appeal returns to this Court the efforts of the District Court for the District of Connecticut to protect the adjudication process from the relentless efforts of a *pro se* litigant to disrupt the process by vexatious and harrassing litigation." Anthony R. Martin-Trigona v. Harold Lavien, et al., 763 F.2d 140, 141 (2d Cir. 1985). Mr. Piccone has filed numerous civil actions in this Court over the past decade, each ultimately dismissed for lack of

subject matter jurisdiction, as frivolous, or for failure to state claim.[1] Two of those complaints also named New York and New Jersey state agencies, the Federal Bureau of Investigation ("FBI"), and the United States Secret Service and demanded access to files related to the revocation of his medical license. After numerous warnings about the continued filing of frivolous lawsuits, and having providing an opportunity to be heard, another judge of this Court enjoined Mr. Piccone from filing any new action in this Court without first obtaining leave of the Court. See Piccone v. City of New York, No. 03-CV-1645 (FB), slip op. (E.D.N.Y. Feb. 10, 2004).

Nonetheless, on January 13, 2012, Mr. Piccone submitted the instant complaint, without seeking leave of the Court to file. In accordance with the February 10, 2004 Order, the Clerk's Office returned Mr. Piccone's submission to him and sent a letter informing him of the requirement to seek leave to file. On February 1, 2012, Mr. Piccone resubmitted his papers, along with a request for leave of the Court to file the instant submission.

The Complaint names the New York State Department of Health's Office of Professional Medical Conduct ("OPMC"), the New Jersey State Board of Medicine, the Pennsylvania State Board of Medicine, the FBI, and the United States Secret Service as defendants and demands the release of documents pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"), the New York Freedom of Information Law ("FOIL"), and similar laws in Pennsylvania and New Jersey.

---

[1] See Piccone v. United States, et al., 02-CV-4829 (FB), slip op. (E.D.N.Y. Sept. 12, 2002) (dismissed by Order dated for lack of subject matter jurisdiction); Piccone v. Office of Professional Medical Conduct, et al., 02-CV-5138 (FB), slip op. (E.D.N.Y. Sept. 12, 2002) (*dismissed for failure to state a claim*); Piccone v. Office of Professional Medical Conduct, et al., 02-CV-5151 (FB), slip op. (E.D.N.Y. Sept. 12, 2002) (dismissed for failure to state a claim); Piccone v. Ortho-McNeil Pharmaceutical, et al., 02-CV-5265 (FB) and Piccone v. GLAD, et al., 02-CV-5140 (FB), slip op. (E.D.N.Y. Sept. 12, 2002) (dismissed for failure to state a claim); Piccone v. City of New York, et al., 03-CV-1645 (FB), Piccone v. United States, et al., 03-CV-1649 (FB), and Piccone v. State of New York, et al., 03-CV-1651 (FB), slip op. (E.D.N.Y. June 18, 2003) (dismissed as frivolous).

According to the complaint, Mr. Piccone was licensed to practice medicine in New York State until his license was revoked by the New York State OPMC in 1995. (Complaint at 4.)[2] Mr. Piccone states that his license was revoked "for alleged psychiatric conditions and alleged practice of the medical profession while impaired by a mental disability." (Id.) However, he asserts that the actual reason for the revocation was his "letter writing to government officials" and "unpopular positions on politically charged issues." (Id.) He also states that he is aware of negative letters and "false claims" placed in his personnel file at Brooklyn Hospital, including one in which "a woman made claims that the physician threatened the life of her daughter." (Id. at 6.) Mr. Piccone alleges that the state and federal agencies named as defendants in the instant action have maintained records of proceedings and complaints against him. (Id. at 4-5.) He now demands access to these records, including information about the complaints against him and the identities of complainants, on the grounds that "the physician and others have the right to confront his accuser." (Id. at 6.)

Mr. Piccone states that he requested copies of these records, through the federal FOIA, the New York FOIL, and similar laws in Pennsylvania and New Jersey. (Id. at 5-6.) He states that the New York, New Jersey, and Pennsylvania state agencies and the FBI each denied his requests for certain records on the grounds of stated statutory exemptions to the relevant disclosure laws. (Id. at 7-8.) Mr. Piccone asserts that these statutory exemptions violate his constitutional rights under the Fifth and Sixth Amendments. He demands that this Court strike down the laws as unconstitutional and order the release of the requested records. (Id. at 8.) Mr. Piccone states that the Secret Service denied his request on the grounds that there were no documents responsive to his request. (Id.) He alleges that this claim "is contrary to the paper trail left by the secret serve and common sense." (Id.)

---

[2] The pages of the Complaint do not include page numbers, and the Exhibits are not labeled. The Court refers to the page numbers assigned by the Electronic Case Filing System. As the documents, including the request for leave to file, were scanned and docketed together, the actual Complaint begins on page 3.

He asks this Court to order the release of "all information held by the secret service about the plaintiff." (Id.)

In support of his claims, Mr. Piccone attaches his correspondence with the agencies named as defendants. The United States Secret Service asserted that it did not maintain disclosable records under his name. (Complaint at 19-20, Aug. 17, 2010 Letter from Freedom of Information Act & Privacy Acts Branch Communications Center of the Department of Homeland Security; Complaint at 21, Dec. 14, 2010 Letter from Deputy Director Keith L. Prewitt.) The FBI stated that it could not identify "responsive main file records" and explained statutory categories of exemptions to FOIA requests. (Complaint at 24, June 16, 2010 Letter from FBI Records Management Division; Complaint at 25, Sep. 14, 2010 Letter from Office of Information Policy at the United States Department of Justice.)

The New York Department of Health's May 14, 2010 Letter stated that it enclosed 27 pages of responsive documents and informed the requester that the agency could not provide records related to the investigation of possible instances of professional misconduct. (Complaint at 29, May 14, 2010 Letter from the Records Access Office.) In response to Mr. Piccone's appeal, the New York state agency provided additional documents, but upheld the denial of access to records "constituting investigative materials," "confidential reports of professional misconduct," "patient records," and "records where disclosure could endanger the life and safety of any person," pursuant to specific exemptions provided for in the New York Public Health Law and Public Officers Law. (Complaint at 31-4, July 16, 2010 Letter from Records Access Appeals Officer.) Mr. Piccone also filed an Article 78 Proceeding in the Richmond County Supreme Court, which denied his FOIL requests and dismissed his motion. (Complaint at 35-6, May 31, 2011 Order of the Hon. John A. Fusco.)

The New Jersey Government Records Custodian denied Mr. Piccone's request for documents on the ground that the request was improper and overbroad. (Complaint at 16, December 21, 2010 Receipt.) A subsequent appeal to the New Jersey Office of the Attorney General resulted in disclosure of some documents, and a statement that certain documents remained under legal review. (Complaint at 14, June 20, 2011 Letter from Records Custodian.) The Pennsylvania Office of Open Records provided some documents, redacted others, and denied access to investigative records, citing provisions of the relevant Pennsylvania statute. (Complaint at 37-41, June 23, 2010 Final Determination; Complaint at 42-52, Aug. 12, 2011 Memorandum Opinion of the Commonwealth Court of Pennsylvania.)

The instant complaint asks this Court to order the defendants to release the requested documents, to provide an itemized index pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), and to declare unconstitutional certain portions of the federal and state disclosure laws.

Mr. Piccone's request for leave to file summarizes the loss of his medical licenses in New York, New Jersey, and Pennsylvania in 1995 and 1997 and his futile attempts to reapply for licensure, explains his straightened financial circumstances, and reiterates his request for disclosure of records by the defendant agencies. (Request, ECF Entry #1, at 1-2.) Moreover, Mr. Piccone describes some of the allegations against him that led to the loss of his licenses, including allegations that he threatened various individuals, sexually molested an underage child, and made threats against the President and shot out the window of a congresswoman's office. (Id. at 2.) He states: "The plaintiff believes these allegations are untrue." (Id.) Finally, Mr. Piccone states that he "has exhausted all other options to restore his good name and looks to the Federal Court to correct grave injustice." (Id.)

5

## DISCUSSION

The Court has carefully reviewed Mr. Piccone's complaint and his request for leave to file, and finds that leave to file must be denied. If filed, the complaint would be dismissed pursuant to the *in forma pauperis* statute, which requires the court to dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2d Cir. 2009). This complaint fails to state a plausible claim for relief under FOIA or any other provision.

The federal FOIA created a judicially enforceable public right of access to information collected by executive branch agencies, subject to specified limitations. Federal court jurisdiction "is dependent upon a showing that an agency has (1) 'improperly;' (2) 'withheld;' (3) 'agency records.'" Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980). In this case, Mr. Piccone does not allege that the federal agencies improperly withheld the records he requested.[3] Rather, Mr. Piccone challenges the constitutionality of the exemption provisions cited by the agencies.

The complaint also fails to state a claim against the New York, New Jersey, and Pennsylvania

---

[3] Indeed, his exhibits document that the FBI and the Secret Service responded promptly to his requests. The Secret Service stated that it did not find records in the requested name. (Complaint at 19-21.) The FBI denied his requests for certain documents related to law enforcement investigations on the basis of statutory exemptions to the disclosure provisions. (Id. at 24-25.)

state agencies. The federal FOIA applies only to federal agencies, and not to state agencies. See e.g. Grand Cent. Partnership, Inc. v. Cuomo, 166 F.3d 473, 484 (2d Cir. 1999). Federal courts have no jurisdiction to enforce the state laws cited by those agencies in their denials of Mr. Piccone's requests.

For all of these reasons, the Court finds that the complaint fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). If it were to be filed, it would be dismissed under the *in forma pauperis* statute. Accordingly, Mr. Piccone's request for leave to file the above-captioned complaint is denied. The Court's order barring him from filing future complaints without leave of the Court remains in effect. The Clerk of the Court is directed to return without filing any future complaint submitted by Mr. Piccone that is not accompanied by a request for leave to file. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
February 17, 2012